PERKINS ELECTRIC SWITCH MFG. CO. v. YOST ELECTRIC MFG. CO.

(Circuit Court, N. D. Ohio, W. D. November 1, 1910.)

No. 1,855.

1. PATENTS (§ 322*)—SUIT FOR INFRINGEMENT—ACCOUNTING FOR PROFITS AND DAMAGES.

Where the controversy between the parties to an infringement suit over a certain device of which defendant had made only a small number and had discontinued before suit brought involves no substantial amount

---

in the way of damages or profits an accounting will not be directed although infringement is found.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 590–595; Dec. Dig. § 322.*

Accounting by infringer for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

2. PATENTS (§ 325*)—SUIT FOR INFRINGEMENT—DIVISION OF COSTS.

Where a complaint alleged infringement by a number of devices made by defendant, but succeeded as to one only, a division of the costs of the trial court will be made proportionate to the final result.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607–612; Dec. Dig. § 325.*]

In Equity. Suit by the Perkins Electric Switch Manufacturing Company against the Yost Electric Manufacturing Company. On settlement of decree.

Howson & Howson, for plaintiff.
Owen & Owen, for defendant.

KILLITS, District Judge. The parties are in controversy ove.: the decree to be entered in this court on mandate from the Circuit Court of Appeals. The defendant was found by this court to infringe patents of the complainant for the manufacture and sale of four separate styles of socket for incandescent lamps. On appeal, the Court of Appeals (179 Fed. 511) reversed this court as to three of the four sockets, and the opinion concludes as follows:

"As to the appellant's socket No. 1, before mentioned, these facts appear: The appellant for two or three months at a period of about one year before the bill was filed, made and sold some of these sockets; that they then discontinued the use of that form and adopted the later numbered styles. It does not appear that the appellee was notified of the discontinuance of the infringing style or had any knowledge that it had been discontinued. We cannot say that it had no reason for apprehending that its use would be discontinued, or would not be renewed. In these circumstances, the appellee was entitled to file its bill for an injunction.

"The decree will be reversed in all other respects, with costs of this court to the appellant, but affirmed in respect to appellant's socket No. 1. The controversy over the socket No. 1 is of so small account that the general rule in regard to costs should not be varied."

Two drafts of a decree, following the mandate of the Circuit Court of Appeals, have been submitted to the court by the respective parties. The complainant contends that the decree should provide for an accounting for the infringement in the manufacture and sale of the socket known as Exhibit No. 1, and that only the costs in the Circuit Court of Appeals should be recovered from it. The defendant, on the other hand, insists that, substantially, the action of the Circuit Court of Appeals involved a complete reversal of this court, and that there should be no accounting for its infringement involved in the manufacture of socket Exhibit No. 1, and no recovery of costs from it, and it has prepared a decree consistent with this position.

[1] From an examination of the record, including the testimony,

it appears to be very plain that there is nothing of a substantial nature involved in the controversy over the socket designated as No. 1, and that the contention between the parties was almost wholly over the structures described in the record as Exhibits 2, 3 and 4, offered as the products of defendant and which the Circuit Court of Appeals held did not infringe any rights of the complainant.

On page 20 of the printed record is a stipulation entered into by counsel for the parties to the effect that "the socket marked 'Complainant's Exhibit Defendant's Socket No. 1,' is one of a small number of sockets made and sold by the defendant in the early part of 1903." And it appears from an examination of the testimony of the experts on both sides that the consideration of this Exhibit No. 1 by them was hardly more than preliminary and introductory to a discussion of what both parties appear to have treated as the most serious controversy, the conflict over the other three structures. Without going more into the detail of this situation, we are of the opinion that this is one of the cases wherein the language of the court in Merriam Company v. Ogilvie, 170 Fed. 167, 95 C. C. A. 423, that "an inquiry as to damages or profits would * * * yield no compensatory profits or damages proportionate to the cost of the investigation," describes the situation very clearly, and that, therefore, further litigation on this subject ought not to be indulged in. An order for accounting, will, therefore, be refused.

[2] As will be seen, the Circuit Court of Appeals distinctly holds that the complainant, on the score of this socket No. 1 alone, was entitled to file its bill for injunction, but, inasmuch as the defendant was victorious on the main contention, it would not be equitable to charge to it all the costs made in this court. A division of costs in this court proportionate to the final results of the litigation seems to be the proper course to take.

It is therefore ordered that a decree be prepared refusing an accounting and directing a recovery against the defendant of all costs made up to and including the filing of complainant's bill and the service thereunder, including the suing out of a temporary injunction and the service of the same, and such other costs as may be clearly involved alone in the complainant's vindicating its right to an injunction touching the manufacture and sale of Exhibit No. 1, and that all other costs made in this case be recovered by the defendant against the complainant.